UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

EDGAR B. VALLADARES
and other similarly situated individuals,

    Plaintiff(s),

v.

EASTSIDE PIZZA, INC.,
and DAWN M. HURLBURT, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, EDGAR B. VALLADARES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants EASTSIDE PIZZA, INC., and DAWN M. HURLBURT individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff EDGAR B. VALLADARES is a covered employee for purposes of the Act. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant EASTSIDE PIZZA, INC., (hereinafter EASTSIDE PIZZA, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where the Plaintiff worked. The defendant was engaged in interstate commerce.

4. The individual Defendant DAWN M. HURLBURT was and is now, the owner/partner/officer and operator of Defendant Corporation EASTSIDE PIZZA. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2019, (the "material time") without being properly compensated.

7. Defendant EASTSIDE PIZZA is an Italian and pizza restaurant located at 731 NE79th Street, Miami, Florida 33138, where the Plaintiff worked

8. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT employed Plaintiff EDGAR B. VALLADARES approximately from November 01, 2019, to March 13, 2020, or 19 weeks.

9. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $15.00 an hour. The Plaintiff's overtime rate should be $22.50 an hour.

10. During his time of employment with Defendants, Plaintiff had a very irregular schedule, Plaintiff worked 5 days per week morning and afternoon shifts an average of 41 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

11. The Plaintiff always worked more than 40 hours in a week period, but he was paid for an average of 38 regular hours, and he was not paid for his overtime hours.

12. The Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

15. The Plaintiff was not in agreement with the wages received every week and he complained to Manager Vicente LNU multiple times.

16. The Plaintiff complained about overtime pay for the last time on March 13, 2020, and as a result, Defendants fired Plaintiff.

17. Plaintiff EDGAR B. VALLADARES seeks to recover regular and overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

19. Plaintiff EDGAR B. VALLADARES re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. The Defendant EASTSIDE PIZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a fast food and pizza restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of

interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

23. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT employed Plaintiff EDGAR B. VALLADARES approximately from November 01, 2019, to March 13, 2020, or 19 weeks.

24. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $15.00 an hour. The Plaintiff's overtime rate should be $22.50 an hour.

25. During his time of employment with Defendants, Plaintiff had a very irregular schedule, Plaintiff worked 5 days per week morning and afternoon shifts an average of 41 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

26. The Plaintiff always worked more than 40 hours, but he was not paid for overtime hours.

27. The Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

30. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

31. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Four Hundred Twenty-Seven Dollars and 00/100 ($427.50)

   b. <u>Calculation of such wages</u>:

   Relevant weeks of employment:  19 weeks
   Total number of relevant weeks: 19 weeks
   Total hours worked:  41 hours weekly
   Total overtime hours: 1 hour weekly
   Regular rate: $15.00 an hour x 1.5 = $22.50
   Overtime rate: $22.50 an O/T hour

   O/T rate $22.50 x 1-hour weekly=$22.50 x 19 weeks=$427.50

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

  This amount represents unpaid overtime wages.

33. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a)(1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant DAWN M. HURLBURT was the owner/partner/manager of EASTSIDE PIZZA. Defendant DAWN M. HURLBURT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EASTSIDE PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendant DAWN M. HURLBURT had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

36. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

37. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR B. VALLADARES and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EDGAR B. VALLADARES and other similarly situated individuals and against the Defendants EASTSIDE PIZZA and DAWN M. HURLBURT based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff EDGAR B. VALLADARES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff EDGAR B. VALLADARES demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

38. Plaintiff EDGAR B. VALLADARES re-adopts every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

39. This action is brought by Plaintiff EDGAR B. VALLADARES and those similarly-situated to recover from the Employer EASTSIDE PIZZA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

40. The employer EASTSIDE PIZZA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a restaurant. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

41. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

42. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

43. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT employed Plaintiff EDGAR B. VALLADARES approximately from November 01, 2019, to March 13, 2020, or 19 weeks.

44. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $15.00 an hour. The Plaintiff's overtime rate should be $22.50 an hour.

45. During his time of employment with Defendants, Plaintiff had a very irregular schedule, Plaintiff worked 5 days per week morning and afternoon shifts an average of 41 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

46. The Plaintiff always worked more than 40 hours in a week period, but he was paid for an average of 38 regular hours. There is a substantial number of hours that were not paid at any rate, not even the minimum wage rate.

47. The Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

48. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

49. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

50. The records, if any, concerning the number of hours worked by Plaintiff EDGAR B. VALLADARES, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

51. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

52. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $15.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Three Hundred Twenty-Five Dollars and 28/100 ($325.28)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 19 weeks
   Total relevant weeks of employment:19 weeks
   Total hours worked: 41 hours weekly average
   Total number of hours paid: 38 average
   Total number of regular unpaid hours: 2 hours average weekly
   Fl. Minimum wages: $8.56 an hour

   Min. Wage $8.56 x 2 hours=$17.12 weekly x 19 weeks=$325.28

   c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages.

53. Defendants EASTSIDE PIZZA, and DAWN M. HURLBURT willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. Defendants EASTSIDE PIZZA, and DAWN M. HURLBURT knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

55. At the times mentioned, individual Defendant DAWN M. HURLBURT was the owner/partner/manager of EASTSIDE PIZZA. Defendant DAWN M. HURLBURT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EASTSIDE PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendant DAWN M. HURLBURT had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

56. Defendants EASTSIDE PIZZA, and DAWN M. HURLBURT willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law

offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR B. VALLADARES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff EDGAR B. VALLADARES and against the Defendants EASTSIDE PIZZA, and DAWN M. HURLBURT based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EDGAR B. VALLADARES and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

57. Plaintiff EDGAR B. VALLADARES re-adopts every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

58. The employer EASTSIDE PIZZA was engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a restaurant. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

59. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

60. Defendant EASTSIDE PIZZA was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

61. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

62. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

63. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

64. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT employed Plaintiff EDGAR B. VALLADARES approximately from November 01, 2019, to March 13, 2020, or 19 weeks.

65. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a pizza cook and prep cook. The Plaintiff was paid at the rate of $15.00 an hour. The Plaintiff's overtime rate should be $22.50 an hour.

66. During his time of employment with Defendants, Plaintiff had a very irregular schedule, Plaintiff worked 5 days per week morning and afternoon shifts an average of 41 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

67. The Plaintiff always worked more than 40 hours in a week period, but he was paid for an average of 38 regular hours, and he was not paid for his overtime hours.

68. The Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

69. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

70. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

71. The Plaintiff was not in agreement with the wages received every week and he complained to Manager Vicente LNU multiple times.

72. These complaints constituted protected activity under the Fair Labor Standards Act.

73. On or about March 13, 2020, the Plaintiff complained to manager Vicente LNU for the last time.
74. As a result of the Plaintiff's multiple complaints, the Plaintiff was fired by the Defendants.
75. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.
76. There is closed proximity between the Plaintiff's protected activity and the date of his termination.
77. At the times mentioned, individual Defendant DAWN M. HURLBURT was the owner/partner/manager of EASTSIDE PIZZA. Defendant DAWN M. HURLBURT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EASTSIDE PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendant DAWN M. HURLBURT had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.
78. Defendants EASTSIDE PIZZA and DAWN M. HURLBURT willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

79. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, the Plaintiff would not have been discharged but for his complaint about overtime wages.

80. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

81. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR B. VALLADARES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EASTSIDE PIZZA, and DAWN M. HURLBURT that Plaintiff EDGAR B. VALLADARES recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff EDGAR B. VALLADARES further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff EDGAR B. VALLADARES demands trial by a jury of all issues triable as of right by a jury.

Dated: April 7, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*