UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21495-RNS

EDGAR B. VALLADARES,

    Plaintiff,

v.

EASTSIDE PIZZA, INC.,
and DAWN M. HURLBURT, individually

    Defendants,
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS CASE WITH PREJUDICE

Plaintiff, EDGAR B. VALLADARES ("Plaintiff"), and Defendants, EASTSIDE PIZZA, INC. and DAWN M. HURLBURT (hereinafter, collectively as "Defendants") (both parties, hereinafter, collectively referred to as the "Parties"), by and through undersigned counsel and pro se, hereby file this Joint Motion to Approve Settlement and to Dismiss Case With Prejudice, and state the following in support thereof.

1. On or about April 8, 2020, Plaintiff filed his Complaint in the U.S. District Court for the Southern District of Florida. [D.E.#1]

2. In his Complaint, Plaintiff alleged the following: unpaid overtime under the Fair Labor Standards Act ("FLSA") (Count I), unpaid minimum wages under the FLSA (Count II), and retaliatory discharge under the FLSA ("Count III"). [D.E.#1]

3. Defendants deny Plaintiff's allegations. However, in order to avoid the costs and uncertainty of litigation, the Parties have successfully come to an agreement to resolve

their dispute as to all claims asserted in the Complaint and seek approval of the settlement from the Court with respect to Plaintiff's FLSA claims, as set forth in the Complaint.

4. Pursuant to Lynn's Food Stores, Inc. v. U.S, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

5. After a detailed review of Plaintiff's wage and hour claims, the Parties stipulate that Plaintiff is now receiving 100% percent of his allegedly unpaid overtime and minimum wage compensation, loss wages, plus liquidated damages, costs and reasonable attorney's fees and costs pursuant to the settlement between the Parties. Accordingly, Plaintiff is receiving full compensation of his claims without any compromise. The Parties further stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's FLSA claims and that the settlement advances judicial economy.

6. Moreover, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff, who is receiving full compensation. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

7. Pursuant to several district court decisions in this Circuit, when the parties stipulate that the Plaintiff/Employee has been offered a full measure of the wages due, no judicial "scrutiny" is required at all to approve fairness. See Crooms v. Lakewood Nursing Ctr., Inc., No. 3:07-cv-435-J-32TEM, 2008 U.S. Dist. LEXIS 10432, at *2 (M.D. Fla. Feb. 12, 2008):

> However, 'Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims.' Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003). When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is

no need for judicial scrutiny. *Id.*; see also e.g., *Park v. American Services Of Central Fla., Inc.*, No. 6:06-cv-882-Orl-22UAM, 2007 U.S. Dist. LEXIS 40849 at *3 (M.D. Fla. June 5, 2007) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required"). When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, 'the settlement is fair.' *Aiello v. Daytona Beach Lincoln Mercury, Inc.*, No. 6:07-cv-1794-Orl-28KRS, 2008 U.S. Dist. LEXIS 867, * 1 (M.D. Fla. Jan. 7, 2008).

8. The Parties stipulate to the dismissal with prejudice of this action upon approval of the settlement by the Court.[1]

9. The Parties further request that the Court retain jurisdiction for thirty (30) days from the date of dismissal in the event of a breach of the settlement agreement.

WHEREFORE, the Parties respectfully request that this Court approve the settlement and dismiss this case with prejudice.

Respectfully Submitted,

This 11th Day of May, 2020

| | |
|---|---|
| Zandro E. Palma, Esq. | Dawn M. Hurlburt |
| Florida Bar No. 0024031 | Pro Se Defendant |
| E-mail: *zep@thepalmalawgroup.com* | E-mail: nindiamond@aol.com |
| ZANDRO E. PALMA, P.A. | EASTSIDE PIZZA, INC. |
| 9100 S. Dadeland Blvd., Suite 1500 | 731 NE 79th Street |
| Miami, Florida 33156 | Miami, Florida 33138 |
| Telephone: 305-446-1500 | Telephone: |
| Facsimile:  305-446-1502 | |

By: s/ *Zandro E. Palma*                By: s/ *Dawn M. Hurlburt*
    Zandro E. Palma, Esq.                       Dawn M. Hurlburt

---

[1] In the alternative, should this Court require submission of the settlement agreement, the Parties agree to submit the settlement agreement for in camera inspection and/or to file it as part of the Court record.